# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DREW CROWLEY, | )<br>) |
| Plaintiff, | )<br>) Cause No.: 4:20-cv-00779 |
| vs. | )<br>) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | )<br>) **TRIAL BY JURY REQUESTED** |
| Defendant. | )<br>) |
| **Serve: V. Scott Williams**<br>**200 North 3rd Street**<br>**St. Charles, MO 63301** | )<br>)<br>) |

## COMPLAINT

Plaintiff Drew Crowley ("Crowley" or "Plaintiff"), by and through counsel, Schlichter, Bogard & Denton LLP, states as follows for his Complaint against Norfolk Southern Railway Company ("NS" or "Defendant"):

### Parties, Jurisdiction & Venue

1. Defendant is a corporation organized and existing under the law and is authorized to, and does, operate a business by railroad in several states, including the State of Missouri, and is engaged in interstate transportation and commerce, including within this District.

2. Crowley is a resident of the State of Missouri and was employed by Defendant as a freight brakeman, working in furtherance of Defendant's interstate transportation and commerce at all relevant times pertinent to this action.

3. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because Count I arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq., and Count II arises under the Federal Railroad Safety Act ("FRSA"), 49

U.S.C. §20109(d)(3), 29 C.F.R. §1982.114(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## **COUNT I – FELA**

5. Plaintiff adopts and incorporates by reference paragraphs 1 through 4 above as though fully set forth herein.

6. On or about January 17, 2019, Crowley was employed by Defendant and working in the normal course of his job duties as a brakeman lining track switches in Defendant's Claycomo, Missouri Yard.

7. There were large amounts of mud on both sides of the track, as well as on the track, in the vicinity of the yard where Crowley was required to work.

8. While walking to throw a switch, Crowley slipped in this mud.

9. He did not fall to the ground, but in the process of regaining his balance, he sustained injury to his back.

10. Crowley's injuries were caused, in whole or in part, by one or more of the following acts of negligence of Defendant acting through its agents, servants, or employees, singularly or in combination:

> (a) Defendant failed to provide Plaintiff with a reasonably safe place to work or reasonably safe conditions for work;
>
> (b) Defendant failed to provide reasonably safe work areas including areas for brakeman to walk in the course of their duties;
>
> (c) Defendant failed to inspect, keep, and maintain those margins alongside its railroad tracks where its employees were required to walk reasonably free from debris and hazards known or which should have been known to exist, including mud, in violation of Mo. Rev. Stat. § 389.797, constituting negligence *per se*;

2

Case 4:20-cv-00779-DGK   Document 1   Filed 09/28/20   Page 2 of 9

(d) Defendant failed to warn Plaintiff of the unsafe work areas, walking areas, and dangers on the premises on which Plaintiff was required to work;

(e) Defendant failed to clear its work areas and walking areas of debris and other hazards, including mud;

(f) Defendant failed to adequately address unsafe conditions that it knew or should have known were present at the location where Plaintiff was injured;

(g) Defendant failed to adequately respond to prior complaints made by its employees regarding the poor walking conditions, including mud, in the area where Plaintiff was injured;

(h) Defendant failed to inspect and monitor work areas and walking areas where it required its employees to work and walk; and

(i) Defendant negligently assigned and instructed Plaintiff to work in areas with tripping hazards and debris in the walking area, including mud.

11. As a result, in whole or in part, of one or more of the foregoing violations and acts or omissions of negligence on the part of Defendant, Plaintiff suffered injuries to his back and spine; he has sustained injuries to the soft tissues, muscles, and blood vessels of his back and spine; he has been caused to undergo severe pain and suffering; he has sought and received medical care and attention and may continue to receive medical care and attention; he has suffered psychological and emotional injury, mental anguish and anxiety and will continue to suffer psychological and emotional injury, mental anguish and anxiety in the future; he has incurred medical expenses and may continue to incur medical expenses; he has lost wages, benefits and earning capacity and will continue to lose wages, benefits and earning capacity; all to his damage.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, in an amount which is fair and reasonable in excess of $75,000, plus costs of suit.

## COUNT II – FRSA

12. Plaintiff adopts and incorporates by reference paragraphs 1 through 11 above as though fully set forth herein.

13. Defendant is a railroad carrier engaged in interstate commerce within the meaning of 49 U.S.C. §§20102 and 20109(a) and (b) of the FRSA.

### Employee Protections and Remedies under FRSA-49 U.S.C. §20109

14. In relevant part, 49 U.S.C. § 20109(a)(4) provides that "[a] railroad carrier engaged in interstate or foreign commerce, a contractor or a subcontractor of such a railroad carrier, or an officer or employee of such a railroad carrier, may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done, or perceived by the employer to have been done or about to be done…to notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness of an employee."

15. In relevant part, 49 U.S.C. §20109(b)(1)(A) states that "[a] railroad carrier engaged in interstate or foreign commerce, or an officer or employee of such a railroad carrier, shall not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee for…reporting, in good faith, a hazardous safety or security condition."

16. In relevant part, 49 U.S.C. §20109(c)(2) states that "[a] railroad carrier or person covered under this section may not discipline, or threaten discipline to, an employee for requesting medical or first aid treatment, or for following orders or a treatment plan of a treating physician…"

17. Pursuant to 49 U.S.C §20109(e), an employee prevailing in any action under

4
Case 4:20-cv-00779-DGK   Document 1   Filed 09/28/20   Page 4 of 9

§20109 "shall be entitled to all relief necessary to make the employee whole," including:

> (a) reinstatement with the same seniority status that the employee would have had, but for the discrimination;
>
> (b) any back pay, with interest; and
>
> (c) compensatory damages, including compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees.

18. Also pursuant to 49 U.S.C. §20109(e), relief in any action under 49 U.S.C. §20109(e) may include punitive damages in an amount not to exceed $250,000.

## Facts

19. Crowley was hired by NS as a brakeman on or about January 30, 2018.

20. On or about January 17, 2019, Crowley was employed by NS and working in the normal course of his job duties in NS's Claycomo Yard, when he sustained injuries to his back as a result of unsafe working conditions.

21. Crowley reported his injury to NS management, including a written report of injury.

22. He promptly sought medical treatment that same day.

23. After being off work for several months to recover from his on-duty injuries, Crowley was released by his treating physicians to return to work.

24. He promptly commenced the return to work process in the summer of 2019.

25. During that process, Crowley obtained documentation from both his primary care physician, Dr. Chris Cooper, and his pain management provider, Dr. Susan Anderson Jones, confirming that Crowley was able to return to work with NS, fully duty no restrictions.

26. Crowley also timely and fully responded to NS's requests for additional paperwork, including but not limited to physical therapy records and exercise logs.

27. Crowley has repeatedly informed NS that all information requested has been provided, and has repeatedly requested that NS return him to work as a brakeman.

28. NS has rebuffed and/or ignored Crowley's attempts to follow-up and to return to work.

29. Most recently, on January 31, 2020, Crowley, by and through counsel, confirmed that no additional requested records were outstanding, and requested that NS allow Crowley to return to work as he had been medically cleared by his doctors.

30. As of the date of this filing, NS has not further responded to Crowley's inquiries, either by returning him to work or by identifying additional information that it purportedly requires to make a return to work determination.

31. Crowley's protected activity in reporting his on-duty injury and seeking medical treatment was a contributing factor in Defendant's refusal to allow Crowley to return to work, which is tantamount to dismissal.

32. On December 11, 2019, pursuant to §20109 of the FRSA and the U.S. Department of Labor's implementing regulations set forth at 29 C.F.R. Part 1982, Plaintiff filed a Complaint with the Regional Administrator of Occupational Safety & Health Administration ("OSHA").

33. The Secretary of Labor had not issued a final decision within 210 days following the filing of Plaintiff's Complaint.

34. On July 10, 2020, pursuant to the FRSA, 49 U.S.C. §20109(d)(3), and 29 CFR §1982.114, Plaintiff notified OSHA of his intent to file this lawsuit in this Court.

## Violation of §20109

35. Crowley engaged in protected activity under the FRSA in that he reported his work-related injuries to Defendant in good faith and sought medical treatment due to his injuries.

36. Defendant has a motive to keep personal injuries to a minimum. As a common carrier under the FELA, Defendant is subject to liability in damages for negligently injuring Plaintiff.

37. Defendant must report on-duty injuries requiring medical treatment to the Federal Railway Administration (FRA), and it faces penalties and fines for reporting these injuries. As a result, Defendant has a desire to prevent and discourage its employees from reporting injuries and seeking medical treatment.

38. Defendant's adverse action and tantamount dismissal of Plaintiff was taken in response to Plaintiff's report of injury and his necessary medical treatment due to his injuries.

39. Defendant's adverse action and tantamount dismissal of Plaintiff was done in retaliation for Plaintiff's participating in protected activity, and to discourage similar reports of on-duty injuries in the future.

40. Plaintiff's protected activity in reporting his on-duty injuries and seeking medical treatment were clearly a motivating factor in Defendant's refusal to allow Crowley to return to work—despite providing all requested information more than 8 months ago—resulting in his de facto dismissal.

41. The aforementioned actions of Defendant are precisely the kind of actions which the FRSA was designed to prevent. Congress recognized the history of railroads retaliating with discipline against employees who report on-duty injuries and the importance of preventing such retaliation in order to promote railroad safety.

42. Defendant's aforementioned conduct engenders a culture of fear and apprehension among employees in reporting incidents of personal injury to their employer and other authorities. Specifically, employees will be deterred from reporting injuries and unsafe conditions, as well as seeking medical treatment, as a result of the culture of fear and apprehension created by its actions against employees who do report injuries.

43. Defendant would not have taken the same adverse action against Crowley absent his protected activity in reporting his on-duty injury and seeking medical treatment due to his injuries.

44. Defendant should be punished for its adverse action toward Crowley, for creating and perpetuating fear among employees regarding reporting injuries and safety hazards, and to deter railroad management from continuing its practice of retaliating against and disciplining its employees for reporting on-the-job injuries, unsafe working conditions, and seeking medical treatment for those injuries, all in direct and willful violation of 49 U.S.C. §20109.

45. Defendant violated 49 U.S.C. §20109 in discriminating against and refusing to return Crowley to work, which conduct was tantamount to dismissal, in whole or in part, due to his report of on-duty injury and unsafe working conditions, as well as seeking medical treatment due to his on-duty injuries.

46. As a result of Defendant's violation of 49 U.S.C. §20109, Crowley has suffered severe damages and economic losses, including interest on those losses; he has lost wages, benefits, and earning capacity, and will continue to lose wages, benefits, and earning capacity in the future; he has suffered mental anguish and emotional distress and will continue to suffer mental anguish and emotional distress in the future; he continues to incur special damages

associated with litigation, including attorney's fees, costs and expert witness fees; all to his damage.

47. Defendant's adverse action and dismissal of Crowley were done with reckless, callous, and wanton disregard for the law, safety of others, and Crowley's rights under the FRSA, warranting punitive damages pursuant to 49 U.S.C. §20109(e).

WHEREFORE, Plaintiff prays for a Judgment against Defendant on Count II of his Complaint and for all relief available pursuant to 49 U.S.C. §20109, including compensatory damages, special damages, punitive damages, litigation costs and attorney fees, and all other relief necessary to make Plaintiff whole.

SCHLICHTER BOGARD & DENTON LLP

/s/ Nelson G. Wolff
NELSON G. WOLFF #40796
CELIA K. DOUGLAS #57428
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115
(314) 621-7151 (fax)
nwolff@uselaws.com
kdouglas@uselaws.com

COUNSEL FOR PLAINTIFF